Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 26, 1946, in New York County, upon a motion by plaintiff for summary judgment made at Special Term.
Per Curiam.
Plaintiff has been granted summary judgment in an action for specific performance of a contract for the sale of real property.
The contract, which was executed by the corporate defendant as seller, contained the following provision: “ This Contract is executed and delivered by the seller under the express understanding, agreement and covenant that it is subject to the approval of the sellers’ stockholders, and unless and until such approval has been duly obtained, it shall not be binding upon such seller in any respect. If the execution and delivery thereof shall not be ratified in due course *870 by such stockholders, the down payment of $5,000.00 received by the seller hereunder shall be returned to the buyer, whereupon this Contract shall become null and void and all obligations of both parties thereunder shall terminate, anything herein contained to the contrary notwithstanding.”
It appears that at a meeting called for the purpose of approving or disapproving of the conveyance, the holders of 1,313 % shares of a total of 1,905 outstanding were present, and 937 shares were voted in approval of the conveyance. This was a majority of those present who constituted a quorum of all the stockholders, but was less than a majority of the total outstanding shares, and, of course, less than two thirds thereof.
Special Term held that section 20 of the Stock Corporation Law, which requires consent of two thirds of the holders of outstanding stock to certain sales of real property by corporate owners, had no application to this contract because the powers of the seller corporation included the right to hold and sell real estate, and that the sale was one in the ordinary course of business. Accordingly, it held that the vote east was legally sufficient for approval.
We find that the action involves construction of the contract rather than of any statute. The provision of the agreement requiring “ approval of the sellers’ stockholders” is ambiguous, and an issue of fact is presented as to what the parties intended to provide thereby as to the number of defendant’s stockholders who must approve of the sale. This issue requires a trial of the action.
The judgment should be reversed, with costs to appellant to abide the event, and the motion for summary judgment denied.
Martin, P. J., Glennon, Cohn, Callahan and Peck, JJ., concur.
Judgment unanimously reversed, with costs to the appellant to abide the event, and the motion for summary judgment denied. [See post, p. 926.]